**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02931-REB

KATHLEEN GONZALES,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed November 7, 2012, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).  The matter has been fully briefed, obviating the need for oral argument.  I affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of a lower back pain, obesity, and carpal tunnel syndrome.  After her application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on June 29, 2011.  At the time of the hearing, plaintiff was 36 years

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

old.  She has an eighth grade education and past relevant work experience as a construction worker.  She has not engaged in substantial gainful activity since August 7, 2009, the date of her application for benefits.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits.  Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.[2]  The ALJ found that plaintiff had the residual functional capacity to perform light work with postural and environmental limitations.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518,

---

[2] Plaintiff's alleged mental impairments were found to be non-severe, a determination which is not challenged in this appeal.  (**See** Tr. 11.)

2

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater***, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

3

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred in including in his residual functional capacity assessment a limitation which the vocational expert testified would be incompatible with competitive employment. She further faults the ALJ for failing to include certain manipulative limitations in the hypotheticals propounded to the vocational expert and for failing fully to consider the effects of obesity at step 5 of the sequential evaluation. Finding no such reversible error in the ALJ's decision, I affirm.

With regard to plaintiff's first argument, the ALJ's residual functional capacity determination plainly coincides with the third of four hypotheticals he proposed to the vocational expert. Included in that hypothetical was the assumption that the worker would need to stand and stretch briefly in the work area every half hour. The vocational expert testified that such a condition would not eliminate the light and sedentary jobs he had previously identified. (Tr. 54.) However, under questioning from plaintiff's attorney, the vocational expert stated that the inclusion of an additional break to use the bathroom at least once every hour would be incompatible with competitive employment. (Tr. 56-57.)

Plaintiff equates this latter restriction with the ALJ's inclusion in his residual functional capacity assessment of a limitation that the claimant could "stand for 10 minutes per occasion and walk for 10 minutes per occasion for a combined total of standing and walking at least two to three hours in an eight-hour workday" (Tr. 12), and thus concludes that the ALJ's finding does not support his determination that she was not disabled. Plaintiff plainly misreads the record in this regard. The ALJ's reference to standing and walking for "10 minutes per occasion" clearly conveys how much standing

and walking plaintiff was capable of at any one time.  This limitation was distinct from the ALJ's additional condition regarding the necessity of periodically standing and stretching in place.  There was no error, much less reversible error, in this regard.[3]

Second, and similarly, plaintiff misinterprets the record in suggesting that the ALJ failed to include any manipulative limitations in either his hypothetical to the vocational expert or his ultimate residual functional capacity assessment.  In both instances, the ALJ included the restriction that plaintiff could "frequently handle and finger bilaterally." (Tr. 12, 53-54.)  Apparently, plaintiff is under the mistaken impression that the ability to do something "frequently" is not a limitation.  In this, she is mistaken.  "Frequently" is not used colloquially in this context, but has a specific meaning under the Commissioner's regulations, that is, "occurring from one-third to two-thirds of the time."  **See Social Security Ruling 83-10**, 1983 WL 31251 at *5-*6 (SSA 1983).  Plaintiff points to nothing in the record that supports any greater limitation on her abilities in this regard.  (**See** Tr. 266 (noting that plaintiff "has normal capabilities of the upper extremities including fine motor skills").)[4]

Lastly, plaintiff claims the ALJ failed to properly account for the effects of obesity in his determination at step 5 of the sequential evaluation.  The ALJ did find obesity to

---

[3] The ALJ considered plaintiff's testimony that she needed up to three bathroom breaks an hour, but concluded that this level of frequency was related specifically to periodic urinary tract infections and did not support inclusion of a functional limitation to account for urinary frequency. (Tr. 14.)  Plaintiff points to nothing in the record to discredit the ALJ's assessment of the evidence in this regard.

[4] The consultative examiner did note that despite "negative clinical signs to [*sic*] carpal tunnel syndrome, any repetitive motions in the wrists should be avoided if possible." (Tr. 266.)  The term "repetitive" is not synonymous with the term "frequent," however, connoting a far greater degree of regularity.  **See Gallegos v. Barnhart**, 99 Fed. Appx. 222, 224-25 (10th Cir. June 2, 2004); **Hastings v. Colvin**, 2013 WL 6385292 at *4 (D. Kan. Dec. 6, 2013).  The ALJ thus adequately accounted for the consultative examiner's restrictions in this regard.

be a severe impairment at step 2 but concluded that the evidence "does not support a finding that the claimant has any listing-level impairments caused by or affected by her obesity" at step 3. (*See* Tr. 12.) Nevertheless, plaintiff notes that obesity may effect her abilities to balance, stoop, and kneel, and also may amplify the pain associated with her other severe musculoskeletal impairments. *See* **Social Security Ruling 02-1p**, 2000 WL 628049 at *6 (SSA Sept. 12, 2002) (noting that obesity "may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching").

While true, it appears clear to this court that the ALJ did in fact consider the impact of obesity on plaintiff's residual functional capacity at step 4 and thus, by extension, on whether other jobs existed within the local and national economies that were compatible with that capacity at step 5. (*See* Tr. 15 (noting that postural and manipulative limitations imposed "more than adequately accommodate the claimant's pain from her alleged physical impairments, as well as any limitations stemming from her obesity").) The record provides no reason to doubt the ALJ's assertion that he considered these matters at these latter steps of the sequential evaluation. **Hackett v. Barnhart**, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter."). Morever, plaintiff fails to describe how the ALJ's inclusion of a limitation to "occasional" balancing, stooping, and kneeling does not adequately account for the effects of obesity and associated pain on her residual functional capacity. (*See* Tr. 12.) The record, which the ALJ fully recounted, more than adequately supports his conclusion that these limitations sufficiently encompassed

plaintiff's abilities despite her obesity.  (***See*** Tr. 13-14.)  Accordingly, I find no grounds for reversal on this basis either.

## IV.  ORDER

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 3, 2014, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge